UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA
  -v-

Dwight Coye ,
        Defendant.

-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 1 3 2005 ★

BROOKLYN OFFICE

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

CASE NUMBER: CR-02-732(FB)

STEPHEN MAHLER, ESQ.
125-10 QUEENS BLVD., SUITE 311
KEW GARDENS, NY 11415
Defendant's Attorney & Address

THE DEFENDANT: Dwight Coye
__XX__ plead guilty on count  ONE OF THE INDICTMENT.

    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 U.S.C. 2252(A)(5)(B) | THE DEFENDANT DID KNOWINGLY AND INTENTIONALLY POSSESS CHILD PORNOGRAPHY. | 1 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
__XX__ All open counts are dismissed on the motion of the United States.
__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

_____MAY 6, 2005_____
Date of Imposition of Sentence

Defendant's Mailing Address:

_____

_____

THE HONORABLE FREDERIC BLOCK

_____
Date

**A TRUE COPY ATTEST**

Date: 5\12\01
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____
MIKE J. INNELLI
DEPUTY CLERK

Defendant: Dwight Coye
Case Number: CR-02-732(FB)

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>ONE (1) YEAR AND ONE (1) DAY.</u>

<u>XX</u>    The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE PLACE IN A MINIUM SECURITY FACILITY LOCATED IN THE NEW YORK AREA.

\_\_\_    The defendant is remanded to the custody of the United States Marshal.
\_\_\_    The defendant shall surrender to the United States Marshal for this district,
                \_   at \_\_\_a.m./p.m. on _____.
                \_   as notified by the Marshal.

<u>XX</u>    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

             <u>XX</u>   before 2:00 p.m. on <u>  6/17/05  </u>.
             <u>XX</u>   as notified by the United States Marshal.
             \_\_\_   as notified by the Probation Office.

## RETURN

    I have executed this Judgment as follows:

_____

_____

_____

The defendant was delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                             _____
                                  United States Marshal

                               By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS WITH THE FOLLOWING SPECIAL CONDITIONS:</u>

<u>(1) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT WHICH MAY INCLUDED TREATMENT FOR SEXUAL DISORDERS, WITH TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF THE SERVICES RENDERED, VIA CO-PAYMENT, AS APPROVED BY THE PROBATION DEPARTMENT. ALSO AS PART OF THE TREATMENT PROGRAM FOR SEXUAL DISORDERS, THE DEFENDANT SHALL ALSO PARTICIPATE IN A POLYGRAPH EXAMINATION(S) TO OBTAIN INFORMATION NECESSARY FOR RISK MANAGEMENT AND CORRECTIONAL TREATMENT, AS APPROVED BY THE PROBATION DEPARTMENT;</u>

<u>(2) THE DEFENDANT SHALL NOT ILLEGALLY RE-ENTER THE U.S., IF DEPORTED;</u>

<u>(3) THE DEFENDANT SHALL NOT USE A COMPUTER TO ACCESS PORNOGRAPHIC WEB-SITES OR COMMUNICATE WITH ANY INDIVIDUAL OR GROUP WHO PROMOTES SEXUAL ABUSE OF CHILDREN. THE DEFENDANT SHALL COOPERATION WITH THE PROBATION DEPARTMENT 'S MONITORING OF COMPLIANCE WITH THIS CONDITION. THE COOPERATION SHALL INCLUDED, BUT NOT LIMITED TO IDENTIFYING THE COMPUTER HE HAS ACCESS TO, ALLOWING THE INSTALLATION OF THE MONITORING SOFTWARE, AND PERMITTING RANDOM INSPECTIONS OF HIS COMPUTER HARD DRIVES AND RELATED COMPUTER PERIPHERALS, SUCH AS DISKS OR CD'S. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF THE MONITORING DEVICES;</u>

<u>(4)THE DEFENDANT SHALL SUBMIT HIS PERSON, RESIDENCE, PLACE OF BUSINESS, VEHICLE, OR ANY OTHER PREMISES UNDER HIS CONTROL TO A SEARCH ON THE BASIS THAT THE PROBATION OFFICER HAS REASONABLE BELIEF THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITION OF THE RELEASE MAY BE FOUND; THE SEARCH MUST ALSO BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION.; AND</u>

<u>(5) THE DEFENDANT SHALL COMPLY WITH THE FORFEITURE ORDERED IN THIS JUDGMENT.</u>

**Defendant: Dwight Coye**
**Case Number: CR-02-732(FB)**


## FORFEITURE


THE DEFENDANT SHALL FORFEIT ANY PERSONAL PROPERTY USED TO COMMIT THE OFFENSE , INCLUDING, BUT NOT LIMITED TO, A GATEWAY DESK TOP COMPUTER, SERIAL NUMBER 0021291585, AND 87 IOMEGA ZIP DISKETTES; AS PROPERTY USED TO COMMIT THE OFFENSE PURSUANT TO THE PLEA AGREEMENT DATED SEPTEMBER 22, 2004.

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**